# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CHANEL MALEE,** | CASE NO.1:16CV490 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | |
| **ANTHONY & FRANK DITOMASO, INC., ET AL.,** | **OPINION AND ORDER** |
| Defendant. | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant Fred Ditomaso's Motion for Summary Judgment. (ECF # 52). For the following reasons, the Court denies Defendant's Motion.

On March 1, 2016, Plaintiff Chanel Malee filed her Complaint with the Court claiming Defendants Anthony & Frank DiTomaso, Inc., Anthony DiTomaso and Fred DiTomaso failed to pay employees overtime at the statutory rate in violation of the Fair Labor Standards Act ("FLSA") and Ohio law and failed to pay minimum wage in violation of the FLSA and Ohio law. Plaintiff asserted these claims on her own behalf and on behalf of other similarly situated employees. At this point in the litigation, named Plaintiff and five other employees have opted in to the collective action.

According to the Complaint, Plaintiffs are former employees of a Panini's franchise restaurant in Mayfield Heights, Ohio owned and/or operated by Defendants. Plaintiff contends Defendants are all employers under the FLSA's definition of employer. Plaintiffs were all servers or bartenders at Defendants' restaurant between June 2011 and December 2015. Plaintiff Malee regularly worked fifty to sixty hours a week but was not paid at the statutory rate of one

and one-half times her regular hourly rate for her hours worked in a typical week that exceeded forty hours.  Plaintiff alleges Defendants did not allow Plaintiffs to clock in until a customer was seated thus, they failed to accurately record the hours employees worked.  Furthermore, they improperly deducted cash from the server tip jar and from employee paychecks.

Plaintiffs seek to certify a collective action on behalf of a class of employees defined as:

All present and former hourly employees of Defendants who worked as servers (or other similar job titles) during the three year period immediately preceding the filing of this complaint to the present.

**<u>Defendant's Motion for Summary Judgment</u>**

According to Defendant, Fred DiTomaso, he became a shareholder of Anthony & Frank DiTomaso, Inc. in May 2010, when he purchased fifty-two percent interest in the business when his son needed financial help.  Fred does not run the day-to-day operations of the restaurant, rather, Anthony testified on deposition that he does the office work, payroll, ordering, writes the checks and cooks.  Managers hire the staff and Anthony supervises the managers.  Anthony testified Fred has no supervisory responsibilities at the restaurant.  Anthony further testified it was he who made payroll deductions for staff that are the subject of the claims in this suit.

Fred DiTomaso testified he gave advice on running the operation to Anthony but had nothing to do with payroll or ringing up purchases.  He further testified that Anthony did the payroll deductions.  According to Defendant, Plaintiffs viewed Anthony as the boss.

In light of the testimony, Fred DiTomaso moves for summary judgment on all Plaintiffs' claims as he had no supervisory authority or responsibilities.  He exercised no control over hours worked, payroll, pay deductions, employees or managerial decisions.

**<u>Plaintiffs' Opposition</u>**

2

Plaintiffs contend Defendant's Motion for Summary Judgment establishes his role as an employer under the FLSA. He owns a majority interest in the business. He attended meetings with the staff three to five times a year. He advised Anthony on daily cleaning fees and deductions for business expenses. He acknowledged as controlling shareholder he could exert his will over the operation but " that's never been the way its been done."

Anthony testified on deposition that historically he and his father had the ability to hire and fire employees. Anna Kash testified Fred was an owner who was "commanding orders." Fred testified it was his decision/ suggestion to deduct funds from the employees to pay for cleaning the restaurant and to round up or down for other deductions.

In light of the above, Plaintiff contends Fred DiTomaso's Motion for Summary Judgment must be denied as the evidence clearly demonstrates he is an employer under the FLSA.

## LAW AND ANALYSIS

### Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that the Court shall grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). In asserting that a material fact can or cannot be genuinely disputed, a party must support that assertion by either citing to materials contained in the record or show that the materials cited to do or do not create a genuine issue or material fact. Fed. R. Civ. Pro. 56(c)(1). In its consideration of a motion for summary judgment, the Court need only consider those materials cited in the motion. Fed. R. Civ. Pro. 56(c)(3). The trial court is not required to search the entire record to establish that a genuine issue of material fact exists. *Tucker v. Tennessee,* 539 F.3d

526, 531 (6th.Cir. 2008) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th. Cir. 1989). Further, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may determine that that fact is undisputed. Fed. R. Civ. Pro. 56(e)(2).

**<u>Employer</u>**

"The FLSA requires, *inter alia,* employers to pay employees engaged in commerce a wage consistent with the minimum wage established by the Act, *id.* § 206(a), and provides that employers may not require employees to work more than forty hours per workweek unless those employees receive overtime compensation at a rate of not less than one-and-one half times their regular pay," *Ellington v. City of E. Cleveland,* 689 F.3d 549, 552 (6th Cir. 2012). The Supreme Court has instructed courts to construe the FLSA liberally "recognizing that broad coverage is essential to accomplish the goal of outlawing from interstate commerce goods produced under conditions that fall below minimum standards of decency." *Tony & Susan Alamo Found. v. Sec'y of Labor (Alamo),* 471 U.S. 290, 296, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985). The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The remedial purposes of the FLSA require the courts to define "employer" more broadly than the term would be interpreted in traditional common law applications." *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir.1991).

In the case at bar, Plaintiffs allege Fred DiTomaso, as controlling shareholder of the restaurant, is an employer under the FLSA definition. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an

4

employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Lopez-Gomez v. Jim's Place, LLC,* No. 2:14-CV-02309-JPM, 2015 WL 4209809, at *4 (W.D. Tenn. July 10, 2015) citing *Fegley v. Higgins,* 19 F.3d 1126, 1131 (6th Cir.1994). In order to determine whether a Defendant is potentially liable as an employer, the Sixth Circuit applies the "economic realities" test. In this test, "Courts consider the 'economic reality' of the relationship between a plaintiff and a defendant to determine whether a party is an employer." *Ellington,* 689 F.3d at 555. To do so, courts consider the following factors:

> (1) whether the plaintiff is an integral part of the operations of the putative employer;
>
> (2) the extent of the plaintiff's economic dependence on the defendants;
>
> (3) the defendant's substantial control of the terms and conditions of the work of the plaintiff;
>
> (4) the defendant's authority to hire or fire the plaintiff; and
>
> (5) whether the defendant maintains the plaintiff's employment records and establishes the rate and method of payment.

*Id.* (internal citations and quotations omitted).

"This analytical approach requires a case-by-case analysis of 'the circumstances of the whole business activity.'" *Clark v. Shop24 Glob., LLC,* 77 F. Supp. 3d 660, 689 (S.D. Ohio 2015) *quoting Ellington,* 689 F.3d at 555. "Ultimately, whether an entity is an employer for purposes of the FLSA is a question of law, rather than fact." *Clark*, 77 F. Supp.3d at 689 citing *Dep't of Labor v. Cole Enters., Inc.,* 62 F.3d 775, 778 (6th Cir.1995).

Applying the above factors, and in light of the Supreme Court and Sixth Circuit guidance

that this Court liberally construe the FLSA and broadly interpret "employer," the Court denies Defendant's Motion.

There is no genuine dispute that each of the Plaintiffs, as servers and bartenders at the restaurant, were integral parts of Defendants' restaurant and were economically dependent upon Defendants for wages and tips. Defendant's arguments against his status as an employer are reserved largely for the last three factors of the economic realities test; "the defendant's substantial control of the terms and conditions of the work of the plaintiff," his authority to hire and fire employees and whether he maintained employment records and established the method and rate of pay.

Fred DiTomaso points to the deposition testimony of Plaintiffs wherein each acknowledged that Fred had a limited role in the day-to-day operation of the restaurant. Britney Laux testified she did not consider Fred a manager or employer. Chanel Malee testified she only saw Fred when he came to the restaurant to eat with his family. Marta Pavisich testified Fred only came to the restaurant to visit or eat. Anthony DiTomaso testified that either he or the managers hired and fired employees and that he did the payroll, wage calculations and deductions.

However, the Court finds there are sufficient facts of Fred's operational control that warrant denial of summary judgment. First, it is undisputed that Fred is the majority shareholder of the restaurant. Plaintiffs have testified that Fred did manage certain operations at the restaurant. Plaintiff Laux testified Fred tended to the "back of the house," not the customer area. Plaintiff Kash testified Fred commanded the cleaning of the restaurant. It was Fred who conceived of rounding deductions of employee expenses and deducting cleaning fees from the

6

employees' pay. He attended meetings with the staff to discuss cleaning fees. Anthony DiTomaso admitted that historically both he and Fred had the ability to hire and fire employees, though Anthony testified that he and managers hired and fired employees. In addition to the above evidence, Plaintiffs offer the Compliance Report of the Department of Labor in 2016 wherein the DOL found Fred was an employer who exercised a significant role in managing staff, hiring, firing, payroll processing, scheduling and reprimanding employees. Laux testified that when the DOL came in the investigate Defendants pay practices, Fred called a meeting of the employees and threatened them. Laux also testified she confronted Fred about the deductions to her pay and Fred admitted the deductions but told her she did not deserve a penny of it.

In light of the above, the Court finds the economic realities test factors militate against Summary Judgment for Defendant Fred DiTomaso on his status as an employer. Fred's direct role in implementing the deduction and rounding payroll practices at issue in this case, his supervisory role in some aspects of the restaurant, as well as his authority as controlling shareholder when construed liberally and broadly, all factor against Summary Judgment.

Therefore, for the foregoing reasons, the Court denies Summary Judgment for Defendant.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: April 13, 2018