# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CHANEL MALEE,** | ) | CASE NO.1:16CV490 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **ANTHONY & FRANK DITOMASO, INC., ET AL.,** | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Chanel Malee's Motion for Partial Summary Judgment. (ECF # 53). For the following reasons, the Court denies Plaintiffs' Motion.

On March 1, 2016, Plaintiff Chanel Malee filed her Complaint with the Court claiming Defendants Anthony & Frank DiTomaso, Inc., Anthony DiTomaso and Fred DiTomaso failed to pay employees overtime at the statutory rate in violation of the Fair Labor Standards Act ("FLSA") and Ohio law and failed to pay minimum wage in violation of the FLSA and Ohio law. Plaintiff asserted these claims on her own behalf and on behalf of other similarly situated employees. At this point in the litigation, named Plaintiff and five other employees have opted in to the collective action.

According to the Complaint, Plaintiffs are former employees of a Panini's franchise

restaurant in Mayfield Heights, Ohio owned and/or operated by Defendants. Plaintiffs contend Defendants are all employers as defined by the FLSA. Plaintiffs were all servers or bartenders at Defendants' restaurant between June 2011 and December 2015. Plaintiff Malee regularly worked fifty to sixty hours a week but was not paid at the statutory rate of one and one-half times her regular hourly rate for her hours worked in a typical week that exceeded forty hours. Plaintiffs allege Defendants did not allow Plaintiffs to clock in until a customer was seated thus, they failed to accurately record the hours employees worked. Furthermore, they improperly deducted cash from the server tip jar and from employee paychecks.

Plaintiffs seek to certify a collective action on behalf of a class of employees defined as:

All present and former hourly employees of Defendants who worked as servers (or other similar job titles) during the three year period immediately preceding the filing of this complaint to the present.

**Plaintiffs' Motion for Partial Summary Judgment**

Plaintiffs seek partial summary judgment on their FLSA and Ohio Minimum Wage claims for the years 2014 and 2015. According to Plaintiffs, Defendants offer no defense to Plaintiffs' claims that they failed to pay overtime at the statutory rate of one and one-half the regular pay rate for hours worked in a typical work week over forty hours. Plaintiffs also seek summary judgment based on Defendants' admitted deductions for: cleaning fees, inventory loss and shortages, cash shortages, mandatory clothing and unpaid tabs. Defendants admittedly failed to itemize or report the deductions on Plaintiffs' pay records.

As a result of Defendants' improper deductions, Plaintiffs contend their pay rates fell below Ohio's minimum wage rates. Furthermore, Defendants paid straight time for overtime hours worked and deprived employees of tips by making these deductions.

While Ohio law permits paying employees half the minimum hourly wage for employees who receive tips, Ohio law requires that wages plus tips equal the full minimum wage rate. When Defendants deducted the above deductions, Plaintiffs' expert has calculated Plaintiffs' actual wages and tips fell below Ohio's minimum wage rate. Furthermore, the FLSA requires that minimum wage be paid free and clear of any deductions or kickbacks to the employer.

**Defendants' Opposition**

Defendants oppose Plaintiffs' Motion for Partial Summary Judgment contending genuine issues of fact preclude summary judgment. Defendants contend Plaintiffs' testimony demonstrates there are disputed issues of fact on the challenged deductions. For instance, several Plaintiffs testified that they were not permitted to work overtime. Several Plaintiffs testified that employees were responsible for reporting their own tips and Defendants would have to adjust their hours worked when Plaintiffs failed to clock in or out. Furthermore, Anthony DiTomaso's testimony demonstrates genuine issues of fact concerning the amount of pay deducted from each employee.

Defendants further testify that cleaning fees were not deducted, rather, employees volunteered to contribute to the cleaning costs rather than do the cleaning themselves. Thus, the fee was voluntary and not mandatory with no negative consequences for any employee who did not contribute. Defendants deny deducting anything from wages or tips for the cleaning fee but instead contend employees who chose to contribute paid the money out of pocket.

Defendants also contest Plaintiffs' reliance on the Department of Labor Compliance Report which Defendants argue is not competent evidence under Rule 56 and is unauthenticated and was never produced in discovery.

Defendants further challenge Plaintiffs' reliance on their expert report as the most recent version, according to Defendants, offers opinions vastly different than the original expert report. Furthermore, expert reports are not competent evidence for summary judgment and/or trial and cannot provide the basis for summary judgment.

Finally, Defendants contend Plaintiffs were aware of alleged deductions dating back to 2010. Therefore, the two year statute of limitations for Ohio minimum wage violations prohibits Plaintiffs from pursuing these claims. Defendants further oppose any finding of liability based on willfulness or Fred DiTomaso's individual liability as an employer.

## LAW AND ANALYSIS

### Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that the Court shall grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). In asserting that a material fact can or cannot be genuinely disputed, a party must support that assertion by either citing to materials contained in the record or show that the materials cited to do or do not create a genuine issue or material fact. Fed. R. Civ. Pro. 56(c)(1). In its consideration of a motion for summary judgment, the Court need only consider those materials cited in the motion. Fed. R. Civ. Pro. 56(c)(3). The trial court is not required to search the entire record to establish that a genuine issue of material fact exists. *Tucker v. Tennessee,* 539 F.3d 526, 531 (6th.Cir. 2008) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th. Cir. 1989). Further, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may determine that

4

that fact is undisputed. Fed. R. Civ. Pro. 56(e)(2).

Having reviewed the Motion, Opposition, Reply and supporting materials, the Court denies Plaintiffs' Motion as genuine issues of fact preclude summary judgment. Defendant Anthony DiTomaso testified on deposition that employees voluntarily paid cash at the end of the night for cleaning services rather than clean themselves. Anthony testified he did not list the various itemized deductions on Plaintiffs' pay records. Servers kept their own tips and entered their tips in the computer while bartenders pooled their tips. Defendants point the Court to the pay records cited at Exhibit 8 to Anthony's deposition contending that the amount of deductions at issue totals under $1500.00. Plaintiffs dispute this amount and rely on the lost wages calculations made in their expert's report. However, that report is unsworn. The Sixth Circuit has held that unsworn expert reports may not be relied upon by the Court to decide a summary judgment motion. *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 480-81 & 488 (6th Cir. 2008). The *Sigler* case was decided before Rule 56 was amended in 2010, which omitted much of the admissibility requirements found in the previous iteration of Rule 56. However, it is uncontestable that expert reports are inadmissible at trial. Thus, upon objection, the Notes to Rule 56 say the burden is on the party offering the otherwise inadmissible evidence to either show the evidence is admissible or explain in what form it will be admissible. Plaintiffs offer no explanation on how the expert's report conclusions will be offered at trial and thus have not met their burden on summary judgment.

Nor does the expert's report breakdown the lost wages by the type of allegedly improper deduction. Therefore, even where there is no disputed issue of fact -ie. failure to pay overtime at time and a half or failure to keep accurate records, Plaintiffs' expert report does not permit the

Court to make a partial summary judgment finding on each individual type of deduction. Because there are genuine issues of fact whether certain deductions were improper -i.e.- cleaning fees, the Court finds summary judgment is improper. Therefore, for the following reasons, the Court denies Plaintiffs' Motion for Partial Summary Judgment.

    IT IS SO ORDERED.


                                                                  s/ Christopher A. Boyko
                                                                  CHRISTOPHER A. BOYKO
                                                                  United States District Judge

Dated: April 16, 2018